IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALPHA ALPHA, LLC, a New Mexico
limited liability company, on behalf of
itself and derivatively on behalf of
Avalon Jubilee, LLC,

      Plaintiff,

v.                                                             CIV 18-0648 KK/KBM

LAND STRATEGIES, LLC a Nevada
limited liability company, RONALD R. COBB,
and PETER GHISHAN,

      Defendants.

## **ORDER TO AMEND**

      This matter comes before the Court sua sponte, following its review of the Notice of Removal (*Doc. 1*), filed by Defendants Land Strategies, LLC, Ronald R. Cobb, and Peter Ghishan on July 9, 2018. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Turk v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege the necessary facts in order to sustain diversity jurisdiction.

      Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original

1

jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014).

In this case, Defendants have not met their burden of establishing facts in the Notice of Removal necessary to sustain diversity jurisdiction. Defendants merely allege that "[f]or the reasons stated above, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 . . . ." *Doc. 1* at 2. However, the "reasons stated above" are lacking. First, Defendants fail to establish complete diversity of citizenship between the parties. They do not allege the citizenship of any party, including the LLC parties.[1] Additionally, Defendants fail to provide any information on the amount in controversy in this matter.

Accordingly, the Court will give the removing Defendants the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principle place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principle place of business); *see also* 28 U.S.C. § 1653

---

[1] An L.L.C. is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Wherefore,

**IT IS HEREBY ORDERED** that Defendants amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than July 31, 2018.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by July 31, 2018, the Court may dismiss this action without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE