IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALPHA ALPHA, LLC, a New Mexico limited
liability company, on behalf of itself and
derivatively on behalf of Avalon Jubilee, LLC,

    Plaintiff,

    vs.                                         No. CV 18-648 KG/JFR

LAND STRATEGIES, LLC,
a Nevada limited liability company,
RONALD R. COBB, and PETER GHISHAN,

    Defendants,

-and-

RONALD R. COBB,

    Third-Party Plaintiff,

    vs.

AVALON JUBILEE, LLC,
a New Mexico limited liability company,

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Land Strategies, LLC (Land Strategies), Peter Ghishan (Ghishan), and Ronald Cobb's (Cobb) (collectively, Defendants) Motion to Strike Purported Third Amended Complaint (Doc. 54) in Lieu of Filing Answer to Third Amended Complaint (Motion to Strike), filed March 25, 2019 (Doc. 56), and Plaintiff Alpha Alpha, LLC's (Alpha Alpha), Renewed Motion for Leave to File Third Amended Complaint, and Motion for Extension of Case [Management] Deadline (Motion to Amend), filed May 14, 2019 (Doc. 64). Alpha Alpha filed its response in opposition to Defendants' Motion to

Strike on April 9, 2019, and its reply in support of its Motion to Amend on June 11, 2019. (Docs. 60 and 70). Defendants filed their reply in support of the Motion to Strike on April 23, 2019, and their response in opposition to Alpha Alpha's Motion to Amend on May 28, 2019. (Docs. 61 and 66). Having reviewed the briefing, the record, and the applicable law, the Court grants Defendants' Motion to Strike (Doc. 56); strikes Alpha Alpha's Verified Third Amended Complaint for Breach of Fiduciary Duty, Constructive Fraud, Conversion, Willful Breach of Contract, Piercing the Corporate Veil, Aiding and Abetting, and Civil Conspiracy, filed March 11, 2019 (Doc. 54); and denies Alpha Alpha's Motion to Amend (Doc. 64).

I. <u>Background and Procedural History</u>

This litigation stems from Alpha Alpha's allegations that Defendants mishandled and misappropriated money from Avalon Jubilee, LLC (Avalon). Alpha Alpha was and is Avalon's majority member. Land Strategies, owned 50/50 by Cobb and Ghishan, was also a member of Avalon. Cobb was Avalon's first Manager, vested with near plenary authority to conduct Avalon's affairs.

Alpha Alpha, on behalf of Avalon, claims that Cobb acted beyond his authority and abused his position as Avalon's Manager to bilk Avalon out of more than $600,000.00 by paying Land Strategies an unauthorized $10,000.00 per month "management fee," among other misdeeds. However, the instant motions do not address Alpha Alpha's claims on the merits. Instead, these motions relate to procedural irregularities in Alpha Alpha's attempts to amend its complaint.

Alpha Alpha filed its Complaint and First Amended Complaint in state court on November 17, 2017. (Doc. 23-2). Alpha Alpha refined its claims into the Second Amended Complaint, filed in state court on June 28, 2018. (Doc. 2). The Second Amended Complaint

contained two claims against Cobb, Ghishan, and Land Strategies: Count 1, breach of fiduciary duty, aiding and abetting the breach; and Count II, willful violations of the operating agreement. (*Id.*) Defendants removed the case on July 9, 2018, asserting diversity jurisdiction. (Doc. 1).

The Magistrate Judge held a Rule 16 Scheduling Conference and entered a Scheduling Order. (Docs. 19, 20). The Scheduling Order provides that Alpha Alpha could move to amend the pleadings through and including October 24, 2018. (Doc. 20 at 2).

Alpha Alpha filed its Motion for Leave to File Third Amended Complaint on October 24, 2018. (Doc. 22). In compliance with DNM-LR Civ. 15.1, Alpha Alpha attached its proposed Third Amended Complaint (Proposed AC) as an exhibit to that motion. (Doc. 22-1). It filed a Notice of Filing Regarding Motion to Amend on November 5, 2018, indicating that Defendants did not oppose the motion to amend. (Doc. 24). The Court entered a stipulated Order, submitted by Alpha Alpha, granting Alpha Alpha's "Motion for Leave to file a Third Amended Complaint" on November 13, 2018. (Doc. 26).

The Proposed AC contains three counts: breach of fiduciary duty, willful violation of the operating agreement, and conversion/civil theft; as well as a section related to piercing the corporate veil, and a section based on aiding and abetting a civil conspiracy. (Doc. 22-1). All told, the Proposed AC spans 117 paragraphs. (*Id.*)

On March 11, 2019, Alpha Alpha filed its "Third Amended Complaint" (Filed AC). (Doc. 54). The Filed AC differs in material and substantial ways from the Proposed AC submitted to the Court and approved by defense counsel. *Compare* (Doc. 54) *with* (Doc. 22-1). In addition to adding an entirely new claim for fraud, which was not pled in any previous complaint or proposed amended complaint, the Filed AC added forty-seven (47) paragraphs.

II.  Standard of Review

Rule 12(f)(2) states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Whether to grant a motion to strike is a matter of judicial discretion. *See Nielson v. Moroni Feed Co.*, 162 F.3d 604, 606 n.3 (10th Cir. 1998). Motions to strike under Rule 12(f), however, are disfavored. *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 445 (D.N.M. 2018). Nonetheless, courts have the inherent authority to manage their dockets and to preserve the integrity of the judicial process. *Chambers v. NASCO*, 501 U.S. 32, 49 (1991).

Generally, "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Tenth Circuit has explained,

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted).

If a party seeks to amend its pleading after the time for seeking leave for pleading amendments has passed under a scheduling order, then, in addition to meeting Rule 15(a)(2)'s requirements, the party must satisfy Rule 16(b)(4)'s good-cause requirement. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."). Rule 16(b)(4) provides "A schedule may be modified only for good cause and with the judge's

4

consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch Ltd.*, 771 F.3d at 1240 (quotation omitted).

III.  Discussion

    A. Motion to Strike

Defendants moved to strike the Filed AC on March 25, 2019. (Doc. 56). Defendants argue that Alpha Alpha had neither leave nor consent to file the Filed AC. Defendants also argue that the Filed AC violates the Court's November 13, 2018, Order, and so the Court should strike those new or different portions of the Filed AC, pursuant to Rule 12(f). The Defendants further argue the Filed AC is untimely and that the fraud claim, which is alleged for the first time in the Filed AC, exceeds the statute of limitations and therefore the amendment is futile. (*Id.*)

Alpha Alpha responds, contending the criteria for striking a pleading under Rule 12(f) are not satisfied here. Alpha Alpha argues the Filed AC "conforms the pleadings to evidence discovered to date" and "streamline[s] trial[] because it calls for admission of foundational facts." Alpha Alpha also argues the Order granting leave to amend does not impose a filing deadline. Alpha Alpha further argues the Defendants consented to the filing of "a" Third Amended Complaint and "did not request a stipulation that Plaintiffs limit their third [amended] complaint only to the document attached to the motion." (Doc. 60) at 3, 5.

The Court agrees with Alpha Alpha that Rule 12(f)'s requirements are not met in this case. However, the Court finds Alpha Alpha's argument that Defendants consented to the Filed AC somewhat mystifying. Local Rule 15.1 requires a party to submit a proposed amended pleading along with the motion to amend. This Rule exists, at least in part, so the Court may fully consider whether to grant leave to file a specific proposed amended pleading. Alpha

Alpha's interpretation of LR 15.1, effectively allowing a bait and switch, would result in a lack of notice to the opposing party and the Court, a waste of time, and would be fundamentally unfair.

Courts have the inherent authority to manage their dockets and to preserve the integrity of the judicial process. *Chambers*, 501 U.S. at 49. In this case, the Court exercises its inherent authority to grant Defendants' Motion to Strike Document 54, the Filed AC, as a purportedly amended pleading outside the amendment deadline for which Alpha Alpha obtained neither Defendants' consent nor the Court's leave.

B. Motion to Amend

Having granted Defendants' Motion to Strike the Filed AC, the Court now considers Alpha Alpha's Motion to Amend (Doc. 64). Alpha Alpha argues that its Motion to Amend satisfies Rule 15(a)(2) because justice so requires and because it discovered new evidence during discovery, and satisfies Rule 16(b)(4) because it "discovered facts after the deadline to file a motion for leave to amend," "Plaintiffs understood they had received concurrence to an amended complaint . . . and did not realize the defendants would want to dictate which complaint could be filed," and Alpha Alpha has granted Defendants' requests for extension of time. (*Id.*) at 4-6.

Alpha Alpha requested and was granted leave to file the Proposed AC. (Doc. 26). Rather than filing the approved Proposed AC, however, Alpha Alpha filed an unauthorized amendment under the guise of "being surprised" or because of a "misunderstanding" that it had leave to file only the Proposed AC. Alpha Alpha's Motion to Amend comes six months after the deadline for filing such motions and more than a month after responding to Defendants' Motion to Strike. In view of the facts, Alpha Alpha's stated reasons for delay are not at all persuasive.

6

The Court finds the proposed amendment to be untimely and a result of undue delay and dilatory motive. *Frank*, 3 F.3d at 1365-66 (denying leave to amend justified for these and other reasons). Additionally, the Court finds that Alpha Alpha did not make the requisite showing of good cause under Rule 16(b)(4). Therefore, the Court denies Alpha Alpha's Motion to Amend (Doc. 64) based on a lack of good cause, undue delay, and dilatory motive.

Indeed, this Court is troubled by Alpha Alpha's representations and apparent bait and switch of amended complaints and the Motions at issue. Contemporaneously with this Memorandum Opinion and Order, the Court will enter an Order to Show Cause to Alpha Alpha and its counsel.

IV. <u>Conclusion</u>

As explained above, the Court exercises its inherent authority to manage its docket and grants Defendants' Motion to Strike (Doc. 56). The Court finds that Alpha Alpha failed to show good cause to allow an amendment under Rule 16(b)(4), and further that the proposed amendment is unduly delayed, and brought with dilatory motive. Therefore, Alpha Alpha's Motion to Amend is denied.

IT IS, THEREFORE, ORDERED that

1. Defendants Land Strategies, LLC, Peter Ghishan, and Ronald Cobb's Motion to Strike Purported Third Amended Complaint (Doc. 54) in Lieu of Filing Answer to Third Amended Complaint, filed March 25, 2019 (Doc. 56), is granted;

2. Plaintiff Alpha Alpha, LLC's Third Amended Complaint (Doc. 54) is stricken; and

3. Plaintiff Alpha Alpha, LLC's Renewed Motion for Leave to File Third Amended Complaint, and Motion for Extension of Case [Management] Deadline, filed May 14, 2019 (Doc. 64) is denied.

_____
UNITED STATES DISTRICT JUDGE