IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALPHA ALPHA, LLC, a New Mexico limited
liability company, on behalf of itself and
derivatively on behalf of Avalon Jubilee, LLC,

    Plaintiff,

    vs.                                                   No. CV 18-648 KG/JFR

LAND STRATEGIES, LLC,
a Nevada limited liability company,
RONALD R. COBB, and PETER GHISHAN,

    Defendants,

-and-

RONALD R. COBB,

    Third-Party Plaintiff,

    vs.

AVALON JUBILEE, LLC,
a New Mexico limited liability company,

    Third-Party Defendant.

## ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*. As explained in the Court's Memorandum Opinion and Order, filed June 13, 2019, (Doc. 77), filed contemporaneously herewith, Plaintiff Alpha Alpha, LLC (Alpha Alpha), made material misrepresentations regarding defense counsel's agreement to and the Court's order granting Alpha Alpha leave to file a third amended complaint. (Doc. 26). Alpha Alpha and its counsel are directed to show cause why sanctions should not be imposed.

The Court entered a Scheduling Order in this case on September 25, 2018. (Doc 20). Among other deadlines, the Scheduling Order provides that Alpha Alpha had until October 24, 2018, to move to amend pleadings and/or join additional parties. (*Id.*) at 2.

On October 24, 2018, Alpha Alpha filed a Motion to Amend its Complaint, seeking leave to file a Third Amended Complaint. (Doc. 22). In compliance with DNM-LR Civ. 15.1, Alpha Alpha attached its proposed amended complaint as Exhibit 1. (Doc. 22-1). Alpha Alpha filed a Notice on November 5, 2018, indicating that Defendants did not oppose Alpha Alpha's filing of its proposed amended complaint. (Doc. 24). The Court then entered a stipulated order, on November 13, 2018, submitted by Alpha Alpha, granting Alpha Alpha leave to file a third amended complaint. (Doc. 26).

Alpha Alpha filed a Third Amended Complaint on March 11, 2019. (Doc. 54). The Third Amended Complaint that was filed, however, differs substantially and materially from that which was proposed originally to Defendants and the Court. Moreover, the filed document included a claim for fraud not alleged in the original proposed complaint and forty-seven (47) new paragraphs. *Compare* (Doc. 22-1) *with* (Doc. 54).

Local Rule 15.1 exists, at least in part, so the Court may fully consider whether to grant leave to file a specific proposed amended pleading. Alpha Alpha's interpretation of LR 15.1, effectively allowing a bait and switch, would result in a lack of notice to the opposing party and the Court, a waste of time, and would be fundamentally unfair.

Nevertheless, in response to Defendants' Motion to Strike (Doc. 56), Alpha Alpha asserts that Defendants somehow consented to Alpha Alpha making *carte blanche* amendments to its Complaint. (Doc. 60) at 5 ("Defendants did not request a stipulation that Plaintiffs limit their third [amended] complaint only to the document attached to the motion."), and maintains "the

Court granted leave to file a Third Amended Complaint," (Doc. 60) at 6 (emphasis added). Alpha Alpha reiterates these representations, almost verbatim, in its Renewed Motion for Leave to File Third Amended Complaint, filed May 14, 2019. (Doc. 64) at 2. Even if the Court accepts Alpha Alpha's assertions, and it is hard-pressed to do so without substantially more, it cannot reconcile them with the purpose of the rule to allow counsel to state an informed position and the Court to rule accordingly.

Alpha Alpha's position remains somewhat mystifying. If construed one way, it would be factually inaccurate. If its position is construed further, it may be misleading and lacking in candor.

As a result, the Court is considering whether sanctions should be imposed on Alpha Alpha and its counsel, including but not limited to requiring Alpha Alpha and its counsel to pay Defendants' attorneys' fees and costs associated with their Motion to Strike (Doc. 56) and Alpha Alpha's renewed Motion to Amend (Doc. 64); and reconsidering the Court's prior order granting Alpha Alpha leave to file a third amended complaint (Doc. 26) and instead denying leave to amend, such that the operative, final complaint would be Alpha Alpha's second amended complaint.

Alpha Alpha and its counsel will show cause, in writing, why they should not be sanctioned. This response must be filed no later than 5:00 p.m. on June 26, 2019.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE